23-6710. We've set 10 minutes per side. I think this case, the briefs are thinner compared to the one we just heard, so hopefully we will be able to move through this one. Just to set your expectations at an appropriate level, I think we'll be able to move through this one somewhat more expeditiously. I imagine so, Your Honor. May it please the court. Good morning. After Christian Janeo's sentence was imposed, the written judgment added a condition banning alcohol consumption for his supervised release. The judge didn't mention an alcohol ban, the PSR didn't recommend it, and this court should strike it. A sentence is final once it is imposed. There is no legal justification to hold a second sentencing proceeding. This case flows directly from this court's precedent. The alcohol ban had to be stated. You said there's no legal justification. Are you saying that it's not permissible? To hold a second sentencing proceeding? Yes, it's not. There's no reason to hold a second sentencing proceeding. The statute says that a sentence is final once it's imposed and that the judge can only fix clear clerical errors or some other circumstances like cooperation, which are not relevant here. Once the sentence is imposed, it is final. And that falls in line with this court's case law as well. When something isn't orally pronounced, this court remands for that condition to be stricken. It does not remand for a second sentencing proceeding. I was going to say that's not quite accurate, right, because there's cases where the court sends it back to supplement, to make a finding. The court doesn't always strike it and leave it there. There are two situations where the court doesn't strike something that wasn't orally pronounced. The first is when there is a lack of clarity. And that's, for example, in one of the cases the government cites LEVA, where the court pronounces orally something that is very close to what the pre-sentence report recommends. The court references the pre-sentence report. And then the written judgment is just a little bit different. The language in a word or two is different. In that case, the court is unsure what the judgment is to do. But as the government points out, this condition that you're challenging now is a recommended condition under 5D1.3D4. And so to that extent, it does not need to be orally pronounced. We said as much in Asuncion Pimentel. No, Your Honor. So it's a special condition. And this court very recently reaffirmed that special conditions need to be orally pronounced. Well, they're special and they're special, right? I mean, no, I'm serious. Like we sometimes use that word loosely. And I think in common parlance, we usually, I usually think of special as something unique to this defendant, right? It's something a little bit more out of the ordinary. But the guidelines, I can't remember, I'm going to remember the section, have a listen. They have the little head, you know, special. I think it's even in little quotes there. I don't know why they have it in quotes, but they have it in quotes. And I thought it's special in that sense, we have said does not need to be orally pronounced. Your Honor, in Rosado, which is a very recent case, 109 F. 4th. 120 from July of this year, the Second Circuit reaffirmed special conditions must be orally pronounced in open court. The case Your Honor is referencing, Asuncion Pimentel, is a much older case that talks about cases, conditions that are akin to standard conditions, even if they are special in quotes or special in numbers. Because they are recommended here. They are recommended by the guidelines. The case you cited, it was not a 5D. 1.3 condition. It was, I believe it was, Your Honor. Rosado is about sex offender treatment conditions. But this court, for these particular type of conditions, has also made clear that they are not automatic or akin to standard conditions. This court is actually regularly parsing drug treatment from alcohol bans and doing it repeatedly and regularly. Not necessarily because of the recognition that alcohol can often be a concern that there can make a person more susceptible to drugs. And D. 4B says the condition specifying that the defendant shall not use or possess alcohol if he is an abuser of narcotics, other controlled substances, or alcohol. I mean, let me ask you this. I mean, insofar as we would let the district judge decide whether or not it really wanted this condition or whether we would vacate and not permit it at all, the fact that this is a recommended condition would seem to be a circumstance that would warrant letting the district judge tell us whether it wanted the recommended condition or not. And here, there seems to me to be no point in sending it back to Judge Ross because she did tell us. So that would be wrong, Your Honor. That's why she held the second hearing for the second proceeding. That would be contrary to this court's precedent. This court strikes conditions that are not orally pronounced. No, not always. Rosado is. No, no. We sometimes send it back. Rosado, we didn't send it back because the government didn't ask. And we said, well, you know what? They've never even asked us to send it back, so we're going to deem that request to be waived. We have other cases like Hondacas where we've sent it back. And indeed, isn't this, to follow up on Judge Raggi, even if you say that the second hearing was not permissible, you can't have a do-over or supplement to the sentencing, it's something akin to an indicative ruling. No, Your Honor. And that is the kind of thing that we will often send back in a Jacobson saying, did you mean it or did you not? And then we bring it back and we ask for supplementation. So Hondacas is the second type of example when this court does remand for further explanation. And that's Hondacas and Whitaker. Both of those cases are when the original sentencing imposed the same conditions. Then there's a sentence and a violation of supervisory So those were the circumstances presented in those cases. But in Hondacas, we did not say, in this circumstance and only this circumstance, may we exercise our discretion to remand. We generally have discretion to strike or to remand. And in Rosado, we said, we're going to exercise our discretion to strike because the government hasn't asked us to remand. Right. But that is what this Court does in almost all of the cases except those exceptions. Rodriguez, Rosado, Rosario, Washington, Fiume, Thomas, Dodd, the list goes on. I feel like I send them back all the time. Am I just getting it wrong? In Whitaker, you sent it back, and that was a specific circumstance just like Hondacas, where there was no objection either at the original sentencing or the resentencing, and the conditions were the same. But did we say that that is a necessary condition? No, but that was the condition, Your Honor. But again, to say something was a sufficient condition to justify our exercise of discretion does not convert it into a necessary condition for our exercise of discretion. You would agree with that, right? Yes, Your Honor. But otherwise, Whitaker would be contrary to the other line of cases, including Rosado's decision, a published decision, and a long line of summary orders that do not do that. But, Rosado, we said the government didn't ask, and therefore, we're not going to do it. We didn't say that our hands are tied. I mean, Rosado, I think we just said something like, you know, this is, I don't know, whatever it was, but it was a fuzzy line to say that, you know, here, we're going to send it back. Let me try a different tactic, Your Honor. Here, there was no notice of this condition. It was not in the pre-sentence report. It was not mentioned at all. That is an unusual fact. Here, it was completely preserved, and counsel asked for the record to be corrected, which is the appropriate remedy, and there was no re-imposition of a previous condition. Can I also ask a very practical question? My understanding is, and I'm going to say his name wrong, Genao, is out on supervised release now? Yes, Your Honor. And he's subject to this condition, right? Yes, Your Honor. So we could send this back, and the judge doesn't have to have a re-sentencing, because the judge could just say, well, I'm free to modify the conditions and release any time I want, right? So if we sent it back, even if we struck it, the very next moment, the district court could say, you know what, I'm going to have a hearing. You know what? You should have some alcohol testing, or you should have a condition, right? Maybe they would choose not to do it. Maybe the judge would or wouldn't. But that is the scenario in which we find ourselves, right? But that would be true in the whole line of cases that I've cited as well. That is always true with these supervised release conditions. Well, that's in the future. That's in the future. I'm talking about right at this moment. Right now, the judge, we could vacate it, we could remand it, and the judge can do whatever the judge thinks is appropriate, right? If the judge chooses to hold a modification of supervised release and have a hearing, that would be a legally appropriate route to take. Here, we have a second sentencing that goes against the finality of sentences, which is statutory. It was completely unsupported by this court's long case law striking conditions in this instance. And it creates a perverse incentive that defense counsel shouldn't object in the district court and ask for a clerical correction of the record and should instead immediately appeal in order not to give the court this opportunity to do some sort of second sentencing proceeding that is simply not allowed. Why isn't the net result of ostentation parlementaire that you're on notice that special conditions that are recommended can indeed be imposed even if they're not explicitly stated in open court? Because this court has said exactly the opposite in a long line of cases. This court takes supervised release conditions very seriously. I mean, we have not reversed ostentation parlementaire. That's true, Your Honor. So that means we have to try to reconcile the cases you're talking about. Now, you say that they also involved recommended conditions. Tell me which cases involved recommended conditions so that I can look at them. Sure, well, Rodriguez is about a drug condition, drug treatment condition, and an alcohol ban. It's about the exact two conditions we have here. One of them was orally imposed in a different way than the written judgment. The other one was orally imposed. And this court struck both of them. Ascensione pimentel. That's in summary order, right? Most of these cases are summary orders. So it can't overrule ascensione pimentel, you would agree with that? You do not need to overrule ascensione pimentel. I mean, we can't. We would have to go on bond to do that, right? There's no reason to overrule it, Your Honor. That is about having a gun. Because that's going to reconcile it. I mean, in ascensione pimentel, we said the fact that the condition concerning firearm possession is labeled special by the guidelines is irrelevant in this case. While the standard conditions are presumed suitable in all cases, the suitability of conditions provided in 5D 1.3D may be conditioned on the presence of specific factors. But where those factors are present, these special conditions are no different in practical terms from standard conditions. They're generally recommended. So I understand where you might want to argue that he shouldn't, the precondition was not satisfied. But your argument that even if it was satisfied, it couldn't be imposed here because it wasn't orally pronounced seems at odds with ascensione pimentel. It's not, Your Honor. So ascensione pimentel and the line of cases following it, including Jacques, relate to non-discretionary determinations. Is there a felony conviction? You can't have a gun. Ascensione pimentel is about that. That now is the standard condition, which is no surprise. Jacques is, is there restitution? You must show probation in your finances. It's a clear, non-discretionary application of a condition. That is not what we have here. And in that same line of cases cited by the government, including Thomas and Dodd, where the financial conditions are upheld, this court struck related conditions that were not specific. So tell me how we don't have a clear record, because it was submitted by the defense, that the defendant is an abuser of alcohol. He's not. First of all, Your Honor, you don't have a clear record of that. There's a letter from the aunt saying he got into all this because of the alcohol problems. And the defense, at sentencing, cited that and said, you know, my guys had a lot of alcohol problems. Your Honor, he had a drug. Was the district court supposed to disbelieve the defendant's own submissions? No, Your Honor. He had drug problems, which is why drug treatment was  No, no, no. I'm talking about the aunt's letter. I think it was an aunt, maybe it was an uncle, who said alcohol problems. And it was cited for the purpose of illustrating the defendant's problems with alcohol by the defense's submission. So if you'd like to move to the individual characteristics and whether or not the sentence is fair. Am I correct that the defense submitted a letter from the aunt that said he's got alcohol problems? There was a letter submitted by the aunt talking about his troubled sobriety history, including alcohol specifically. Mentioning alcohol with drugs. That was the purpose of the defense. And the defense cited it for the purpose of saying that he had alcohol problems. The defense made the argument to the court, right? No, Your Honor. Sentencing alcohol was not mentioned. In the defense's submission? Mr. Janau indisputably had drug abuse difficulties in the past. That is true in Hardnet and Police Street, where this court upheld treatment conditions for marijuana while striking alcohol bans. This court is regularly analyzing these two things differently. And in the cases where this court is upholding alcohol bans based on individual characteristics. So first of all, we shouldn't even be at that point. This is all from the second sentencing proceeding. But in those cases, the record is very strong that the person has alcohol problems. This court says things like the record is replete with information about substance abuse, specifically alcohol abuse where people have DUI convictions, where people are drunk at the time of their arrest. And those cases are all where the condition is orally imposed. And it's just about whether it makes sense for that person. Here, it's not orally imposed. And then when the court does impose it, the district court does not point to what Your Honor is bringing up now in Ant's letter. The district court paused. Well, in the sentencing submission, by the way, I did find this citation. It's District Court Document 25, pages 4 and 13. The sentencing memorandum submitted by the defendant said that he has been reliant on drugs and alcohol. So it seems to me that, right? But the defense advanced that argument to the district court saying my client has been reliant on drugs and alcohol. We've kept you up past your time. We're going to keep you two minutes. You're going to come back. We're going to see you again. Why don't we hear from the government? May it please the court. My name is Rebecca Arquiola. And I'm an assistant United States attorney in the Eastern District of New York. And I represent the United States in this appeal. The district court's judgment should be affirmed. Judge Ross did everything that she was legally required to do here at sentencing. She pronounced that there was going to be a special condition imposed because the appellant is an abuser of drugs and alcohol. And as your honors have pointed out, in the appellant's own submission, he states that he is reliant on alcohol and drugs. And the record is replete of these instances. There were several pretrial memoranda to the court where he violated pretrial conditions. And time and time again, with drugs. Based on drugs. Based on drugs, correct, your honor. But the history and characteristics of the appellant, it's very clear in the sentencing submission, has come up because he's so reliant on drugs and alcohol. And- So can I just ask you about the permissibility of basically calling everybody back for a supplement to this sentencing? Aren't we governed by rule 35 here about when a judge can go back and basically fix things? Well, your honor, we would say that this isn't a different sentencing procedure. Just let's stick to my question. We'll go piece by piece here. Do you agree that rule 35 provides the governing rules for when a court can fix something or not? You may argue there's no fixing. But is that the legal framework we're looking at? Yes, your honor. Rule 35 does state that in order to correct clerical errors or omissions in the judgment, we're allowed to go back. And is it your view that this is the equivalent of a clerical error? No, your honor. We think that this is just a continuation of what happened at the initial sentencing proceeding. How long can a sentencing continue? Well, in this case- Can they come back a month later? In this case, your honor- Can they come back a month later? I didn't ask in this case. I said, can they come back a month later? No, your honor. Okay. So what's the limit? How long can you come back? Your honor, I think that's irrelevant because- Well, I'm asking the question. So let's assume it's relevant. How long can you come back? Per the rules, your honor, I believe it's 14 days in order to correct a judgment. However, under Asuncion Pimental, the condition itself did not need to be orally- Okay, we got two different things. And I appreciate that that's a distinct argument. There was nothing to be fixed. I think that's the Asuncion Pimental. There was no error here. And I guess the argument would be that the second hearing was something of a courtesy just to explain to the defendant why this thing that's perfectly permissible is going on. But I guess I think that's a distinct argument from saying that the judge was allowed to basically have a second hearing where it fixed something that was broken. I understand the argument, nothing was broken. There was no fixing. Mm-hmm. Are you arguing, additionally, that even if it was broken, even if it was not something that could be put in the written judgment and needed to be orally pronounced, that you could just bring the defendant back? Just keep going. No, your honor. In this particular instance, Judge Ross said herself that she did not consider this substantive under the circumstances. She said that in order to effectuate the condition that she did impose at the initial sentencing, that it was necessary to impose the alcohol ban. And that is on page 71 of the defendant's appendix. And here, again, under Asuncion Pimental, it's very clear that this is a special condition. And as Judge Raggi stated, a special condition doesn't necessarily mean that you cannot, that you have to orally pronounce it at sentencing. And here, it is very- Have we reconciled, or do we need to reconcile Asuncion with cases like Betz, which they don't, the court doesn't analyze it under 5D1.3D, but it's dead under B. Your honor, in Betz- Even though it's a recommended condition. Right. I believe that the situation is different than in Betz. And there, the court clearly said when they sent back the decision to the district court that they were remanding in order to get the district court's reasoning, because it wasn't clear from the record. And here, Judge Raggi- And the reasoning can't be because it's a recommended condition under D? The court then had to analyze it under B, is what you're saying? There wasn't enough evidence that it was reasonably related, that the condition itself was reasonably related to the sentencing factors. And here, any harm that could have been caused, or any prejudice that was caused by the appellant was remedied when Judge Ross, per the appellant's request, called back the appellant and explained to him why she was imposing the condition. This appellant got more process, we would argue, than most defendants do at sentencing. She explained for an entire proceeding why she was imposing a special condition and why it was relevant to this particular appellant. And the case law is also clear that because this is a special condition and he meets the prerequisites of the condition, that he's an abuser of narcotics and substance abuse, it doesn't need to be orally pronounced. But also, the record speaks for itself. And under King, which was ruled by this court, where there is so much evidence in the record that the special condition need not be orally pronounced. Well, let me make sure I understand you. You're saying that in these circumstances, Judge Ross could have, there would be no problem with this judgment even if Judge Ross had not brought him in to explain. Is that correct? That's correct, Your Honor. So, to that extent, you're saying that Judge Ross explaining to him is really a non-factor on this appeal? We're saying, Your Honor, that to the extent that the appellant requested this, Judge Ross ameliorated whatever harm the appellant is. But they didn't request a further explanation. No, they requested- They wanted to get rid of it, right? Yes, they requested- So, they didn't ask for it. You said, too, they said the defendant asked for it. It being a further explanation at a hearing, that's not what the defendant asked for, right? No, the appellant asked for a modification of the sentence and clearly- Well, I think the defendant's view is there should not be a modification of the sentence, but a modification of the written judgment to conform with the oral pronouncement, which is the sentence, right? Correct. That's what the defense asked for. Correct. You don't want to recharacterize what the defendant asked for. Correct, Your Honor. That is what the defendant asked for. And that's not what the defendant got. The defendant did not get what the defendant asked for, right? Defendant asked for a modification of the written judgment and did not get it, right? Correct, Your Honor. Okay, so the defendant didn't ask for it and get it. Correct, Your Honor, but again, we would say that it was not owed to the appellant in this case. It's a different argument to make. It's different from saying, to the extent the defendant asked for it, he got what he wanted. Because he didn't ask for it, he didn't get what he wanted, right? Correct, but at the second proceeding, he had the opportunity to object as to why his individual characteristics didn't necessarily comply with the clause. Yeah, but his argument is what he wanted is he wanted that to happen at his original sentencing. That didn't happen, so. Correct, Your Honor. And with special conditions, at least any condition of supervision, the district court always has the ability to modify, correct? Correct, Your Honor. So, Judge Ross could have taken the view, my judgment is absolutely lawful, but I'm persuaded by your argument that it doesn't have to be, you know, I'll modify it, or is that what you're saying to us? She could have said that. She could have, okay. Yes, Your Honor. Thank you. She could have. How could she have? If the judgment was final, unless you're saying that she could have said that this is a clerical judgment and I'm conforming the written to the oral pronouncement. Well, at the second proceeding, the appellant could have argued why his individual circumstances don't allow. Could, at the second hearing, could the defendant have argued, you know what, my sentence is 10 months too long, and Judge Ross could have said, yeah, you know what, you're right, I'm gonna knock it down. Could the judge have done that? No, Your Honor. And Judge Ross herself, though, said that this isn't a substantive change in the sentence. She says that in the record, that I don't really consider this substantive under the circumstances. And that's at page 71. But I guess that's why I don't understand, because I think you were just saying that had the defendant persuaded Judge Ross that substantively alcohol monitoring and treatment was not a good idea, she could have changed it. She could have changed the substance. But now you're saying, well, it's not a substantial thing. That's why we should be affirming it to begin with. I guess I'm not understanding the difference. I think that, Your Honor. I think I may have contributed to the confusion here with my question. If six months from now, however, if we uphold this sentence, and six months from now the defendant goes, Judge, I've been clean the entire six months, I'd ask you to lift the alcohol requirement. She can modify conditions of supervised release, isn't that right? Correct, Your Honor. Okay. And the trick is, that modification power only is triggered while someone's on supervised release, right, if someone's doing a 10 year bid in prison, can't go in five years into it and say, you know what, I'm getting out in five years, but I just wanna make sure, you know, I've been taking drug treatment in prison, I've been doing well, let's change my supervised release conditions in advance. Can't do that, right? No, no, Your Honor, that's correct. All right, okay. Thank you very much. Thank you. Why don't we hear from counsel for the appellate? We have set aside two more minutes for you for rebuttal. Thank you, Your Honors. I think, Your Honors, we're really getting right to the point in those last questions. You cannot come back for a resentencing after the sentence is over. Mr. Genao's sentence was final at the end of the first proceeding. There was nothing else to be done but correct the written judgment to conform to the oral judgment. And that sort of correction is exactly what this court should be encouraging. So you don't have unnecessary appeals to do something that could have been addressed in the district court. So you don't have people coming back for another sentencing saying my sentence is too long, fix it. You didn't consider what I really wanted you to consider. Now you should. That's what this court has done in a long line of cases about oral, things that aren't pronounced orally. You know the defense bar is learning. That's why we ask for these corrections of the clerical correction to avoid appeals unnecessarily. That's exactly what this court should do here. If there's a modification hearing at a future point, the parties would be prepared for a modification hearing. They would brief this actual issue as opposed to being left flat-footed, unsure of what really was happening with the judge doing a reading from the search that she had done last night. Everybody would be prepared and it would be procedurally proper. This case should be a simple one under your honor's precedence. You should strike the alcohol ban that wasn't orally pronounced. Thank you very much for your argument. Very helpful. We will reserve.